UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARRY WAYNE ADAMS,

        Petitioner,                      Case No. 2:10-cv-1

v.                                            Honorable Gordon J. Quist

GREG McQUIGGIN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner has failed to exhaust available state-court remedies.

## Factual Allegations

Petitioner presently is incarcerated at the Chippewa Correctional Facility. After a jury trial, the Calhoun County Circuit Court convicted Petitioner on January 17, 2007 of failure to pay child support. The trial court sentenced Petitioner to twenty-five to ninety-six months'

imprisonment for his conviction. The instant habeas action is similar to three previous petitions filed by Petitioner that were dismissed without prejudice for failure to exhaust available state-court remedies. *See Adams v. Howes*, 1:08-cv-980 (W.D. Mich. Dec. 23, 2008); *Adams v. State of Michigan et al.*, 1:07-cv-233 (W.D. Mich. May 16, 2007); *Adams v. State of Michigan et al.*, 1:06-cv-785 (W.D. Mich. Dec. 7, 2006). On November 1, 2006, Petitioner filed his first habeas petition before he had even been convicted. *See Adams v. State of Michigan et al.*, 1:06-cv-785 (W.D. Mich. Dec. 7, 2006). Petitioner filed a second habeas petition on March 9, 2007 before he appealed as of right to the Michigan Court of Appeals. *See Adams v. State of Michigan et al.*, 1:07-cv-233 (W.D. Mich. May 16, 2007). Petitioner filed his third habeas petition on October 20, 2008 before he appealed to the Michigan Supreme Court. See *Adams v. Howes*, 1:08-cv-980 (W.D. Mich. Dec. 23, 2008).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 23, 2009 and his motion for reconsideration on August 6, 2009. (Pet. at 2, docket #1-2.) According to his application for habeas corpus relief, Petitioner filed a petition for certiorari in the United States Supreme Court on December 10, 2009, and it is currently pending.[1] (Pet. at 3, docket #1-2.)

---

[1]These claims are exhausted because they were presented to each level of the Michigan State Courts. The Supreme Court has held that grounds raised before the state courts are exhausted even if Petitioner seeks certiorari.

> Our recent decision in *Lawrence v. Florida*, 549 U.S. 327 (2007), conclusively establishes that the District Court was wrong to conclude that, if respondent chose to seek certiorari, he had to exhaust that remedy before filing a federal habeas petition. *Lawrence* clarified that "[s]tate review ends when the state courts have finally resolved an application for state postconviction relief"-even if a prisoner files a certiorari petition. *Id.*, at [332-35] ("[W]e have said that state prisoners need not petition for certiorari to exhaust state remedies" (citing *Fay v. Noia*, 372 U.S. 391, 435-438 (1963))). Thus, [petitioner's] habeas petition, which was fully exhausted when filed, did not become unexhausted upon his decision to seek certiorari. Because the petition was not premature, the District Court had no cause to dismiss it.

*Roper v. Weaver*, 550 U.S. 598, 601 (2007)

Petitioner filed the instant petition on January 5, 2010. (Docket ##1, 1-2.) Petitioner raises the same grounds raised in his earlier petition and amended petition in *Adams v. Howes*, 1:08-cv-980 (W.D. Mich. Dec. 23, 2008). He presented sixteen of these issues to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals organized the issues into four categories: "issues implicating [Petitioner's] arraignment; issues implicating [Petitioner's] arrest; issues implicating [Petitioner's] conviction; and issues implicating abstract questions of law." (*See* Br. in Supp. at 10-11, docket #1; Ex. 9 at 1, docket #1-11.)

Petitioner alleges an additional four grounds that he raised for the first time in his state habeas petition, which he references and incorporates in the petition currently before this Court. (Pet. at 6-11, docket #1-2; Ex. at 6-17, docket #1-3.) In his first additional ground, Petitioner alleges that he is being illegally imprisoned because he provided child support in the form of shelter, food, clothing and utilities. (Pet. at 6.) In his second ground, he asserts that he has been denied his freedom to associate with his children. (*Id.* at 7.) In his third ground, Petitioner claims that he was illegally arrested. (*Id.* at 9.) In his fourth ground, Petitioner claims that he was convicted under a void statute. (*Id.* at 10.)

**Discussion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has failed to satisfy the exhaustion requirement because he did not fairly present the four claims raised in his state habeas petition to the state courts. According to a January 17, 2008 Order of the Michigan Court of Appeals, his state habeas petition was dismissed under Mich. Ct. Rule 7.203(F)(1) and 7.216(a)(10) for lack of jurisdiction because his direct appeal was still pending. (*See* Order, Docket No. 281976 (Mich. Ct. App. Jan. 17, 2008).) Since Petitioner presented his state habeas petition in a manner that is procedurally incorrect, the consideration of

its merits is unlikely and Petitioner has not properly exhausted those claims.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. Because Petitioner has some claims that are exhausted and some that are not, his application must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). Accordingly, the Court will dismiss Petitioner's habeas corpus application without prejudice.

The United States Supreme Court has held that once a petitioner has been made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. A petitioner's subsequent failure to comply with the exhaustion requirement is grounds for dismissal with prejudice. *Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

## Conclusion

In light of the foregoing, the Court will summarily dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal

of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated: March 12, 2010              /s/ Gordon J. Quist
                              GORDON J. QUIST
                         UNITED STATES DISTRICT JUDGE